## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CLARENCE BOGAN, III,                                    Case No. 1:11-cv-259

     Plaintiff                                             Barrett, J.

     vs

TIMOTHY BRUNSMAN, et al.,                       **REPORT AND**
                                                                          **RECOMMENDATION**

     Defendants


     Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI) in Lebanon, Ohio,

brings this action against LeCI Warden Timothy Brunsman and the Director of the Ohio

Department of Rehabilitation and Correction Gary C. Mohr.  Plaintiff's complaint alleges

numerous violations of his rights as a result of his incarceration at LeCI.  This matter is before

the Court on plaintiff's motion to proceed *in forma pauperis*.  For the reasons that follow,

plaintiff's motion should be denied with respect to all but one of his claims.

     A prisoner's right to proceed *in forma pauperis* has now been restricted by Congress.  In

accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No.

104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

     This Court has previously found that Clarence Bogan is prevented by the PLRA from

filing any civil actions in this Court *in forma pauperis* since he has filed a multitude of lawsuits

in this Court, at least three of which were frivolous or malicious, or failed to state a claim upon

which relief could be granted.  *See Hatcher v. Huffman,* Case No. C-1-99-132 (S.D. Ohio May 6,

1999) (Spiegel, J.), citing *Bogan v. Senich,* C-1-92-735 (N.D. Ohio May 21, 1992)(Doc.

3)(complaint dismissed as frivolous); *Bogan v. Brigano,* C-1-94-495  (S.D. Ohio Sept. 19,

1994)(Doc. 10)(complaint dismissed for failure to state a claim); *Bogan v. Brigano,* C-1-92-402

(S.D. Ohio Dec. 17, 1993)(Doc. 32)(*in forma pauperis* status revoked and case dismissed based

on scurrilous, profane, and threatening material submitted by plaintiff); *Bogan v. Wilkinson*, C-2-

92-676 (S.D. Ohio March 23, 1994)(Doc. 35)(*in forma pauperis* status revoked and case

dismissed due to plaintiff's abusive behavior during deposition)[1].  More recently, plaintiff has

had other actions dismissed for failure to state a claim upon which relief may be granted.  *See,*

*e.g., Bogan v. Smith*, No. 1:08-cv-2073 (N.D. Ohio Dec. 29, 2008); *Bogan v. Cuyahoga County*

*Jail*, No. 1:08-cv-1811 (N.D. Ohio Nov. 21, 2008); *Bogan v. McDonough*, No. 1:08-cv-1727

(N.D. Ohio Oct. 31, 2008).   Plaintiff's previous dismissals prevent him from filing this action *in*

*forma pauperis*.

      In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless the

statutory exception applies, that is, unless he "is under imminent danger of serious physical injury."

§ 1915(g).  Under the plain language of the statute, plaintiff must be "in imminent danger at the

time that he seeks to file his suit in district court" to qualify for the exception to the three strike

provision of § 1915(g).  *See Abdul Akbar v. McKelvie*, 239 F.3d 307, 311 (3rd Cir. 2001);

---

[1] *In forma pauperis* complaints that threaten violence or contain disrespectful references to the court and conduct plainly abusive of the judicial process are properly termed "malicious." *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Carter v. Telectron, Inc.*, 452 F. Supp. 944 (S.D. Tex. 1977).  *See also Cello-Whitney v. McCracken,* 977 F.2d 587 (9th Cir. 1992)(unpublished), 1992 W.L. 300819.

*Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

Plaintiff's complaint lists eight claims for relief against the defendants. Four are labeled as claims for "failure to protect." The others include allegations of infringement on plaintiff's access to the courts; unconstitutional conditions of confinement regarding the temperature, age, and repair of the prison facility, cleanliness of his surroundings, temperature and adequacy of the food, and access to showers; and unwarranted discrimination in the form of limiting his access to reading material and recreation. Only one of plaintiff's claims, Claim 4 for failure to protect, even arguably approaches the requirement of section 1915(g) that plaintiff be "in imminent danger at the time that he seeks to file his suit in district court." Plaintiff's other claims involve *past* actions by prison officials or issues unrelated to plaintiff's safety. Therefore, plaintiff does not meet the exception for proceeding *in forma pauperis* with respect to any claim besides Claim 4 and may not proceed *in forma pauperis* on these claims.

In Claim 4, plaintiff alleges that since December 22, 2010, he has been housed in isolation "C-block" awaiting transfer to a protective control unit at another prison. Plaintiff states he was granted protective control status in November 2010. He alleges no precautions have been taken for his safety, and that he is forced to cell, shower and recreate with general population inmates, many of whom are known gang members who have threatened his safety. Accepting these allegations as true, the Court finds Claim 4 meets the exception to the three strike provision of section 1915(g). Therefore, plaintiff's motion to proceed *in forma pauperis* should be granted only with respect to this claim.

3

**IT IS THEREFORE RECOMMENDED:**

1.  Plaintiff's motion to proceed *in forma pauperis* should be granted as to Claim 4 of the complaint and denied as to all other claims.

2.  With respect to his other claims, plaintiff should be ordered to pay the $350 filing fee within thirty (30) days and notified that his failure to pay the full filing fee within thirty days will result in the dismissal of his other claims.  *See In re Alea*, 286 F.3d 378, 382 (6th Cir.), *cert. denied*, 537 U.S. 895 (2002).


Date: 5/26/2011                               s/Karen L. Litkovitz
                                              Karen L. Litkovitz
                                              United States Magistrate Judge

4

# UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
### WESTERN  DIVISION

CLARENCE BOGAN, III,                                    Case No. 1:11-cv-259
      Plaintiff                                              Barrett, J.

      vs

TIMOTHY BRUNSMAN, et al.,
      Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).