**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CLARENCE BOGAN, III, | Case No. 1:11-cv-259 |
| Plaintiff, | Barrett, J.<br>Bowman, M.J. |
| vs. | |
| TIMOTHY BRUNSMAN, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI) in Lebanon, Ohio, brings this action against LeCI Warden Timothy Brunsman and the Director of the Ohio Department of Rehabilitation and Correction Gary C. Mohr. Plaintiff's pro se complaint alleges numerous violations of his rights as a result of his incarceration at LeCI. This matter is now before the Court on Plaintiff's motion for a temporary restraining order (Doc. 15) and Plaintiff' motion for summary judgment. (Doc. 16).

**I. Background and Facts**

Plaintiff's complaint lists eight claims for relief against the Defendants. Four are labeled as claims for "failure to protect." The others include allegations of infringement on Plaintiff's access to the courts; unconstitutional conditions of confinement regarding the temperature, age, and repair of the prison facility, cleanliness of his surroundings, temperature and adequacy of the food, and access to showers; and unwarranted discrimination in the form of limiting his access to reading material and recreation.

Claim Four[1] of Plaintiff's complaint alleges that he has been housed in isolation "C-block" awaiting transfer to a protective control unit at another prison. Plaintiff states he was granted protective control status in November 2010. He alleges no precautions have been taken for his safety, and that he is forced to cell, shower and recreate with general population inmates, many of whom are known gang members who have threatened his safety.

Based on these allegations, Plaintiff filed a motion for a temporary restraining order on November 10, 2011. (Doc. 15). Thereafter, on December 16, 2011, Plaintiff also filed a motion for summary judgment. Upon careful review, the undersigned herein recommends that Plaintiff's motions be denied.[2]

**II. Plaintiff's Motions**

**A. Motion for a Temporary Restraining Order (Doc. 15)**

Plaintiff filed a motion for temporary restraining order seeking to "restrain the DRC from housing him at Lebanon Correctional Institution" due to safety concerns. (*See* Doc. 15 at 3). In determining whether to issue a temporary restraining order, this Court must balance the following factors:

> 1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

---

[1] Plaintiff's pending motions relate primarily to Claim 4. Notably, on January 30, 2012, the Court issued a Report and Recommendation that Plaintiff's claims, with the exception of Claim 4, be dismissed. (Doc. 22).

[2] On January 30, 2012, the United States Marshall was Ordered to serve a copy of the complaint, summons, Report and Recommendation, and Order granting, in part, Plaintiff's motion to proceed *in forma pauperis.* (Doc. 19). Plaintiff's complaint was subsequently filed with the Court on January 30, 2012. Thus, the instant motions were filed prior to service of this action upon the Defendants. Because Defendants have not yet been properly served in this matter, Plaintiff's motions are premature and not well-taken on this basis. However, as explained below, the undersigned also finds that Plaintiff's motions should be denied as a matter of law.

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Ratcliff v. Moore*, 614 F.Supp. 2d 880 (S.D. Ohio 2009) (citing *U.S. v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1398 (6th Cir.1991)).

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). Thus, to establish a substantial likelihood of success on his Eighth Amendment claim against defendants, Plaintiff must present evidence showing that defendants are deliberately indifferent to a known risk of harm to Plaintiff. *Farmer,* 511 U.S. at 825. *See also Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir.1997); *Gibson v. Foltz,* 963 F.2d 851, 853 (6th Cir.1992); *Marsh v. Arn*, 937 F.2d 1056, 1060-61 (6th Cir.1991); *Walker v. Norris*, 917 F.2d 1449, 1453-54 (6th Cir.1990). A prison official may be held liable for his failure to protect inmates from attacks by other inmates only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials must exhibit more than a lack of due care for a prisoner's safety before an Eighth Amendment violation will be found. *Id.* at 835; *Gibson*, 963 F.2d at 853. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. It is not enough that the official "should" have perceived a significant risk, but did not. *Id.*

3

The undersigned finds that Plaintiff has not alleged facts sufficient to warrant a temporary restraining order or a preliminary injunction. Plaintiff has not alleged facts indicating a substantial likelihood of success on the merits of his constitutional claims, and he has not alleged facts showing that he will suffer irreparable harm absent a preliminary injunction. Although Plaintiff alleges a general threat to his safety as a result of being forced to interact with known gang members, he fails to identify any specific threats made by such inmates. As such, he fails to establish that a substantial risk of harm in fact exists. *Farmer*, 511 U.S. at 847.

In addition, an injunction is also not warranted in this case because the purpose of a preliminary injunction, to preserve the *status quo* until a trial on the merits can be held, would not be served. *See Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991). The present *status quo* in this case is, according to Plaintiff, that he has suffered numerous violations of his constitutional rights. The remedy Plaintiff presently seeks is more than an injunction maintaining the *status quo*; he seeks an Order from this Court requiring Defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *Id.*

Accordingly, the undersigned recommends that Plaintiff's motion for a temporary restraining order and/or preliminary injunction (Doc. 15) should be denied.

**B. Motion for Summary Judgment (Doc. 16).**

Also pending before the Court is a motion for summary judgment filed by Plaintiff. (Doc. 16). Plaintiff's two-page motion asserts that he is imminent danger because Defendants have forced him to cell with another inmate, despite being in protective custody

status, which requires him to be "single-celled." (Doc. 16). Plaintiff appears to argue that Defendants have delayed transferring him to a protective unit in violation of his constitutional rights.

In a motion for summary judgment, "a court must view the facts and any inferences that can be drawn from those facts ... in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising,* 477 F.3d 881, 886 (6th Cir. 2007) (internal quotation marks omitted). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)) (internal quotation marks omitted). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment-rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.*

The requirement that facts be construed in the light most favorable to the Plaintiff, however, does not mean that the court must find a factual dispute where record evidence contradicts Plaintiff's wholly unsupported allegations. After a moving party has carried its initial burden of showing that no genuine issues of material fact remain in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir.1992) (citing *Gregg v. Allen-Bradley Co.,* 801 F.2d 859, 863 (6th Cir.1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.,*

477 U.S. 242, 249-50 (1986).  The non-moving party's evidence "is to be believed, and all *justifiable* inferences are to be drawn in his favor."  *Id.* at 255 (emphasis added).  The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided.  *Id.* at 251-52.

Although reasonable inferences must be drawn in favor of the opposing party, *see Matsushita,* 475 U.S. at 587, inferences are not to be drawn out of thin air.  To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"*Matsushita,* 475 U.S. at 587(citation omitted).

In this case, Plaintiff has failed to present anything more than his own conclusory allegations in support of his claims and has failed to establish that a violation of his constitutional rights has occurred.  Plaintiff, therefore, has failed to carry his initial burden of establishing that he is entitled to judgment as a matter of law.

### III. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that Plaintiff's motions for a temporary restraining order and for summary judgment (Docs. 15, 16) be **DENIED**.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CLARENCE BOGAN, III,

    Plaintiff,

vs

TIMOTHY BRUNSMAN, et al.,

    Defendants.

Case No. 1:11-cv-259

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).